# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1417V
**(Not to be published)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
MICHAEL BAILEY JR., *Administrator of*
*the Estate of MICHAEL BAILEY SR.*,

Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Special Master Oler

Filed: March 13, 2018

Denial of Interim Attorneys' Fees and Costs.

*Braden Andrew Blumenstiel*, Dublin, OH, for Petitioner.

*Colleen Clemons Hartley*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS [1]

On November 15, 2015, Michael Bailey Sr. filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] alleging that he suffered from injuries as a result of an influenza ("flu") vaccination administered to him on December 12, 2012. Petition ("Pet."), ECF No. 1. Specifically, the petition states that Mr. Bailey was diagnosed with amyotrophic lateral sclerosis ("ALS") and has associated symptoms

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

<mark>
</mark>
<mark>
</mark>

of Guillain-Barré Synrdrome.  Pet. at 4-5.  Counsel of record in this matter was originally James Blumenstiel.  On Sepetember 22, 2017, Braden Blumenstiel was substituted as counsel of record for James Blumenstiel.  ECF No. 77.

A Motion for Interim Attorneys' Fees and Costs ("Interim Fees Motion") was filed on November 28, 2017, requesting interim attorneys' fees in the amount of $39,150.00 and interim costs in the amount of $16,334.40.  ECF No. 85.  Although a General Order No. 9 statement was not formally filed, Petitioner's counsel affirmatively asserts that "all litigation expenses were advanced on behalf of Petitioner by Attorney James B. Blumenstiel, and none of the expenses were advanced by the Petitioner."  *Id*. at 3.

On December 7, 2017, Respondent submitted a response to the Interim Fees Motion, objecting to an award of interim attorneys' fees and costs.  ECF No. 88.  Respondent argues that Petitioner "has not identified any special showing to justify an award of interim attorneys' fees and costs under the circumstances of this case."  *Id*. at 2.  Respondent further argues that Petitioner "has made no argument at all, much less any showing that he needs payment of interim fees and costs to avoid some undue hardship, either to counsel or […] to [P]etitioner."  *Id*. at 3.  Respondent also submits that "the impending withdrawal of [P]etitioner's counsel from representation does not provide sufficient grounds to justify an interim award."  *Id*.

On March 5, 2018, I issued an order, instructing Petitioner's counsel to reply to Respondent's objections.  ECF No. 95.  Petitioner's counsel filed a reply authored by Petitioner's former counsel on March 8, 2018.  ECF No. 97.  Petitioner's former counsel represents that he has "no objection, what so ever, to delaying any Ruling on [the present] Motion until the conclusion of this case."  *Id*. at 1.

Interim fees may be paid at the discretion of the special master.  *See Avera v. Sec'y of Health & Human Servs*., 515 F.3d 1343, 1352 (Fed. Cir. 2008) ("Interim fees are particularly appropriate where proceedings are protracted and costly experts must be retained").  However, interim fees and costs are not routinely awarded.  *Woods v. Sec'y of Health & Human Servs*., 105 Fed. Cl. 148, 154 (2012).  Interim fees are the exception, rather than the rule.  Indeed, "there is not a presumption of entitlement to interim fees."  *McKellar v. Sec'y of Health & Human Servs*., 101 Fed. Cl. 297, 300 (2011).  Petitioner has not made a showing that an award of interim fees and costs is necessary to avoid undue hardship; on the contrary, Petitioner's former counsel expressly consented to deferring his request for fees and costs until this case has concluded.

Accordingly, I **DENY** Petitioner's counsel's motion for interim attorneys' fees and costs. The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.