# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed:  August 18, 2021
Reissued: November 30, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | UNPUBLISHED |
| LAURA BLUMENSTIEL, | * | |
| *Administrator of the Estate of* | * | |
| MICHAEL BAILEY SR., | * | |
| | * | |
| Petitioner, | * | No. 15-1417V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | * | |

*Braden A. Blumenstiel*, The Law Office of DuPont & Blumenstiel, Dublin, OH, for Petitioner.
*Colleen C. Hartley*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 23, 2015, Michael Bailey Sr. ("Mr. Bailey") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Following Mr. Bailey's death, his son, Michael Bailey, Jr. ("Mr. Bailey, Jr.") elected to continue the prosecution of the estate's claim. Mr. Bailey, Jr., alleged that Mr. Bailey's "doctors have diagnosed [him] with ALS" yet he "has every symptom associated with Guillain-Barré syndrome" which was proximately caused by his influenza vaccination administered on December 12, 2012. Pet. at 2-3. On April 24, 2020, I issued a decision dismissing the petition for insufficient proof. (ECF No. 127). Thereafter, Mr. Bailey, Jr., filed a motion for review of the decision. Oral argument on the motion occurred on November 3, 2020, and on November 10, 2020, the Court of Federal Claims

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

judge issued her decision denying the motion for review and sustaining my original decision. (ECF No. 135).

On May 4, 2021, Mr. Bailey, Jr., filed an application for final attorneys' fees and costs. (ECF No. 140). ("Fees App."). He requested total attorneys' fees and costs in the amount of $94,929.50, representing $73,607.80 in attorneys' fees and $21,321.70 in attorneys' costs. Fees App. at 11.[3] Pursuant to General Order No. 9, Mr. Bailey, Jr., has indicated that he has not incurred any costs in the prosecution of his petition. *Id.* Respondent responded to the motion on May 5, 2021, stating that "Respondent defers to the Special Master to determine whether the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3. (ECF No. 141). Mr. Bailey, Jr. did not file a reply thereafter, and the matter became ripe for consideration.

On August 18, 2021, I issued a decision awarding a total of $78,738.33 in attorneys' fees and costs. ECF No. 143. Judgement as to attorneys' fees and costs entered on September 1, 2021. ECF No. 145.

On November 8, 2023, Petitioner's counsel, Mr. Blumenstiel, filed a motion to amend the case caption to reflect the substitution of Ms. Laura Blumenstiel for Mr. Bailey, Jr., as the administrator of the estate of Mr. Bailey. ECF No. 147. Letters of authority duly signed by Judge Patricia J. Smith of the Probate Court of Portage County, Ohio, appointing Ms. Blumenstiel estate administrator accompanied Mr. Blumenstiel's motion. *Id.* On November 13, 2023, I granted the motion to amend the caption, withdrew the decision awarding fees and costs, and ordered that judgment be vacated. ECF No. 149. I now reissue the original decision on attorneys' fees and costs.[4]

## I.   Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned finds that the case was filed in good faith and with a reasonable basis. Respondent also has not contested the good faith or reasonable basis

---

[3] Petitioner appears to incorporate his previously denied motion for interim attorneys' fees and costs (ECF No. 85) which was filed on November 28, 2017, for the documentation to support the amounts the instant motion attributes to James Blumenstiel. Although the undersigned has all the requisite information necessary to assess the reasonableness of the requested amount on the record, counsel should have included the supporting documentation for the interim fees and costs in the instant motion rather than rely on the undersigned to look back for a motion which was previously denied over three years ago.

[4] The reissued decision on attorneys' fees and costs is identical to the decision issued on August 18, 2021, with the exception of updates to the procedural history and caption.

of the claim. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Reasonable Hourly Rates

Petitioner requests the following rates of compensation for her attorneys: for Mr. Braden Blumenstiel, $225.00 per hour for all work performed in this case from 2017-2021; and for Mr. James Blumenstiel, $225.00 per hour for all work performed in this case from 2015-2017. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein for work performed in the instant case.

### B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The undersigned has reviewed the submitted billing statements and finds that due to numerous issues, an overall reduction is necessary. The undersigned will first address the billing issues related to Mr. James Blumenstiel. Mr. Blumenstiel has several billing entries for travel which were billed at his full hourly rate. (ECF No. 85, Ex. 2). In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Hum. Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Hum. Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Because the entries indicate that Mr. Blumenstiel was driving, it

3

can be presumed that this time could not also have been utilized doing case work. In total, Mr. Blumenstiel billed 30.5 hours on travel alone.

Additionally, Mr. Blumenstiel's billing entries reflect that a minimum of 0.25 hours was billed for each task, including all communication (with most entries frequently billed for more time). There are two ways this can be interpreted: 1) Mr. Blumenstiel has exercised billing judgment and only billed time for tasks which took him at least a quarter of an hour to perform; or 2) Mr. Blumenstiel has billed an excessive amount of time for some of these tasks. The undersigned is inclined to interpret it as the latter option based upon her review of other entries, which also appear excessive, such as the preparation and filing of short filings (for example, on 9/20/17, Mr. Blumenstiel billed 0.7 hours to prepare a status report which contains two sentences, exclusive of the case caption and signature blocks). Indeed, the overall number of hours billed by Mr. Blumenstiel (174.0) for his work on this case appears to be excessive, and Mr. Blumenstiel's motion and affidavit do not indicate that he exercised billing judgment in not billing for certain tasks.

Turning next to the billing by Mr. Braden Blumenstiel, the undersigned notes a similar issue with travel being billed at his full hourly rate. Fees App. Ex. 2 at 1. Because travel time was incorporated into a single block-billed entry with other tasks, the undersigned cannot determine how much of this time was for travel versus other case-related work. There also appear to be some duplicative billing entries. Work performed from 6//3/2020 to 8/26/2020 was included on two billing invoices, with the work description and time billed being identical. Fees App. Ex. 2 at 8-9.

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). The undersigned shall therefore, in the exercise of her discretion in setting reasonable fees to be awarded, to reduce the request for attorney fees by fifteen percent. Petitioner is therefore awarded final attorneys' fees of $62,566.63.

**C. Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $21,321.70 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and work performed by Petitioner's various medical experts. Upon review of the costs and the work product submitted by the medical experts, the undersigned finds that several reductions are necessary.

Petitioner requests a total of $6,300.00 for work performed by Dr. James Lyons-Weiler. Dr. Lyons-Weiler billed at a rate of $300 for a total of 21 hours of work. The undersigned notes that Dr. Lyons-Weiler is not a medical doctor – rather, he holds a Ph.D. in ecology, evolution, and conservation biology. The undersigned stated the following concerning the work of Dr. Lyons-Weiler in her entitlement decision:

> Of the three documents submitted by Dr. Lyons-Weiler, the first indicated that Mr. Bailey had ALS but should be considered to have both GBS and ALS, the second

> included his "medical opinion" that Mr. Bailey had GBS, and the third simply claimed that ALS was similar enough to GBS and CIDP for purposes of claiming the flu vaccine can cause ALS. Dr. Lyons-Weiler's background in biology and genetic sequencing does not qualify him to opine, as an expert or otherwise, on the topic of medical diagnoses. I considered the documents submitted by Dr. Lyons-Weiler but I did not find them relevant or useful.

2020 WL 10486107 at *16. Work product produced by Dr. Lyons-Weiler in other cases has been found to similarly be of little value both by the undersigned and other special masters. *See Kamppi v. Sec'y of Health & Hum. Servs.*, No. 15-1013V, 2019 WL 5483161, at *11 (Fed. Cl. Spec. Mstr. Jul. 24, 2019); *Duncan v. Sec'y of Health & Hum. Servs.*, No. 16-1367V, 2020 WL 6738118, at *7 (Fed. Cl. Spec. Mstr. Oct. 19, 2020); *A.S. v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2019 WL 5098964, at *11 (Fed. Cl. Spec. Mstr. Aug. 27, 2019).

The undersigned finds that it is appropriate to reduce the costs attributable to Dr. Lyons-Weiler. While $300 per hour may be a reasonable rate for an expert with a Ph.D. in ecology, evolution, and conservation biology when that expert provides an opinion that assists the trier of fact, that was not the situation in the present case. Dr. Lyons-Weiler provided an expert opinion in a field in which he was not qualified to opine. His repeated attempts to diagnose Mr. Bailey with GBS did not provide any added value to Petitioner's case. In fact, Dr. Lyons-Weiler used the phrase "in my medical opinion" throughout his reports. He even went so far as to dispute the opinion of Mr. Bailey's treating neurologist (Dr. Pioro) (*see* Ex. 26 at 6, Dr. Lyons-Weiler stating "It is my medical opinion that Dr. Pioro's assessment of Mr. Bailey's condition is medically incorrect…"). The undersigned additionally finds that the overall quality of Dr. Lyons-Weiler's reports was poor. Because of this, the undersigned finds that an appropriate hourly rate for Dr. Lyons-Weiler is $200.00 per hour, which results in a reduction of $2,100.00. This reduction takes into consideration both the quality and the utility of the expert reports provided by Dr. Lyons-Weiler in this case.

Next, petitioner requests $2,750.00 as a payment to American Medical Experts LLC. (ECF No. 85, Ex. 3 at 26). However, the documentation provided to support this cost is wholly deficient. It is unclear which medical expert performed the work, what work they performed, and what hourly rate they charged for the work, all of which would be necessary for the undersigned to assess whether this cost is reasonable. Indeed, petitioner has failed to provide even an invoice from American Medical Experts LLC, instead only providing a copy of the check counsel used to pay this cost. When there is no evidence supporting the request for a cost, special masters cannot evaluate the reasonableness of the request. *See Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *15 (Fed. Cl. Spec. Mstr. June 15, 2009), *mot. for rev. den'd* (slip op. Dec. 10, 2009), *aff'd*, 406 F. App'x 479 (Fed. Cir. 2011); *Long v. Sec'y of Health & Hum. Servs.*, No. 91-326, 1995 WL 774600, at *8 (Fed. Cl. Spec. Mstr. Dec. 21, 1995) ("[the court] simply cannot compensate petitioner for undocumented, unexplained charges"). With no information available that permits the undersigned to assess the reasonableness of the cost, it must be disallowed in its entirety.

Finally, counsel has billed $300.00 for "Membership to VIP Bar." However, "[i]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine

Program," and this prohibition includes the cost of bar admission. *Matthews v. Sec'y of Health & Hum. Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Accordingly, the undersigned will reduce the final award of costs by $300.00 to account for this issue.

## II.  Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| Attorneys' Fees Requested | $73,607.80 |
|---|---|
| (Reduction to Fees) | - ($11,041.17) |
| **Total Attorneys' Fees Awarded** | **$62,566.63** |
| | |
| Attorneys' Costs Requested | $21,321.70 |
| (Reduction to Costs) | **-** ($5,150.00) |
| **Total Attorneys' Costs Awarded** | **$16,171.70** |
| | |
| **Total Amount Awarded** | **$78,738.33** |

**Accordingly, the undersigned awards a lump sum in the amount of $78,738.33, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Braden Blumenstiel. The original check issued for attorneys' fees and costs pursuant to the August 18, 2021, decision is void.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).